# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | * CRIMINAL ACTION NO. |
| | * 1:20-CR-479-ELR-JKL |
| SAMORA MYLES, | * |
| | * |
| Defendant. | * |

## O R D E R

This matter is before the Court for consideration of Magistrate Judge John K. Larkin's Report and Recommendation ("R&R") [Doc. 49]. Importantly, Judge Larkins recommends that Defendant's Motion to Suppress Evidence [Doc. 15] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections [Doc. 55] to the R&R. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1)(C), and may accept the recommendation if it is not clearly erroneous or contrary to the law.  Fed. R. Crim. P. 59. In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendants object and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**Discussion**

Defendant has moved to suppress evidence seized from his home during a search that was conducted after his sister opened the door to officers responding to complaints of dog barking and possible illegal drug activity. [Doc. 49 at 2]. Defendant acknowledges that the Magistrate Judge cited the correct standards under

the law. [Doc. 55 at 4, citing to R&R at 12-13]. Defendant also seemingly acknowledges that his sister along with another woman who was present in the home had authority to give officers consent to enter and search the residence. [Doc. 49 at 12, n. 3]. Defendant objects, however, to the Magistrate Judge's findings that consent to enter the home was not coerced, nor the product of acquiescence to a show of official authority. [Doc. 55 at 4]. Defendant further objects to the Magistrate Judge's finding that even if officers did not obtain valid consent to conduct a search of the bedrooms, the evidence should not be suppressed based on the independent source doctrine, specifically the officers' later act of obtaining a search warrant. [Id. at 6].

## Conclusion

After conducting a *de novo* review of those portions of the R&R to which Defendant objects and reviewing the remainder of the R&R for plain error, this Court finds that the Magistrate Judge's factual and legal conclusions are correct.

Accordingly, the Court **OVERRULES** Defendant's Objections [Doc. 55], **ADOPTS** the R&R [Doc. 49] as the Opinion and Order of this Court, and **DENIES** Defendant's Motion to Suppress [Doc. 15].

Defendant is directed to announce within thirty (30) days of the date of the

issuance of this order whether he intends to enter a plea or proceed to trial.

**SO ORDERED**, this 6th day of June, 2022.

_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia